UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-418-GFVT

MICHAEL DIER,                                                                                           PLAINTIFF,

V.              **MAGISTRATE JUDGE'S REPORT**
                **AND RECOMMENDATION**

CITY OF PRESTONSBURG, OFFICER
GERALD CLARK and OFFICER JOHN
DALE and UNKNOWN DEFENDANTS,                                                   DEFENDANTS.

## I.   INTRODUCTION

This matter is before the Court upon the Response filed on December 28, 2005 [Record No. 27], by the pro se Plaintiff, Michael Dier, to the undersigned's Order dated December 14, 2005 [Record No. 23], directing Plaintiff to show cause why this action should not be dismissed for failure of Plaintiff to comply with the undersigned's order dated November 14, 2005 [Record No. 19]. Finding Plaintiff's Response to that Show Cause Order to be inadequate, this Report shall recommend, for the reasons set forth below, that this action be dismissed with prejudice. Such ruling would render moot Defendants' Motion to Dismiss/Motion to Continue Trial/Motion to Hold Matter in Abeyance [Record No. 25] and therefore, it shall also be recommended that said motion be denied as moot.

## II.  RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff is proceeding herein pro se in this Civil Rights action brought pursuant to 42 U.S.C. § 1983, alleging in his complaint that Defendants Gerald Clark and John Dale, police officers for the City of Prestonsburg, Kentucky, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. [Record No. 1, Complaint, p. 1.] Plaintiff's allegations stem from a traffic stop and his arrest on November 17, 2002, for driving under the influence of alcohol and evading arrest. [Id.] Plaintiff claims that the Defendant officers assaulted him and subjected him to an unreasonable search and seizure. He also alleges that Defendants destroyed exculpatory evidence. [Id.] The City of Prestonsburg is named as a Defendant based upon its alleged policy or custom of deliberate indifference to the Constitutional rights of persons arrested by its police officers, its failure to adequately train its officers and its assistance in a cover-up of Plaintiff's false arrest. [Id. at 5.]

By Order dated January 31, 2005 [Record No. 8], then-presiding District Judge Danny C. Reeves entered a Scheduling Order which provided, in relevant part, that all discovery be completed by October 30, 2005, and all dispositive motions be filed by November 1, 2005, assigning a Final Pre-trial Conference date of February 21, 2006, and a jury trial date of March 21, 2006. [Id.]

On October 25, 2005, Defendants filed a Motion to Compel Discovery. [Record No. 16.] That Motion was scheduled for an informal telephone conference with defense counsel and the pro se Plaintiff on November 10, 2005. [Record No. 17.] In that telephone conference, Plaintiff expressed his belief that he was not required to provide defense counsel

2

with a copy of the documents and other materials sought by Defendants in their Request for Production of Documents if Plaintiff did not intend to use those materials at trial. [See Record No. 19, Order dated November 14, 2005, p. 1.] As memorialized in the undersigned's Order, Plaintiff was given explicit instructions regarding what he must do in order to comply properly with Defendants' discovery request:

> The law applicable to a request for production was explained to Plaintiff, and he was directed to, and agreed to provide all documents and any other materials requested by Defendants in their said Request for Production. Plaintiff requested and was granted a period of two (2) weeks to do so. The Court explained to Plaintiff that he must file in the record herein, and serve a copy thereof upon defense counsel, a written response to Defendants' "Request for Production of Documents." Fed. R. Civ. P. 34(b).
>
> That Response must first, as required by Local Rule 26.1(a), repeat verbatim each of the specific requests made in Defendants' said Request for Production, and then provide Plaintiff's specific answer to that specific request. Thus, Plaintiff must respond specifically to all four (4) of Defendants' requests. As to the three (3) sub-parts in Defendants' Request No. 2, Plaintiff in his Response shall repeat verbatim each sub-part and provide his specific answer to each such sub-part.
>
> If a particular document or other item is not in existence or it is not in Plaintiff's possession, custody, or control (i.e, Plaintiff cannot obtain it back from another person or entity by making a reasonable effort to do so), his Response shall so state as to each such document or other item. Otherwise, Plaintiff must produce all documents and other materials requested by Defendants in their Request for Production and Plaintiff's Response must state a date, time and place where Plaintiff will produce same. Defendants shall be responsible for making and bearing the cost of any copies they want of the materials produced by Plaintiff. Failure by Plaintiff to comply in good faith with this order may subject Plaintiff to possible sanctions by the Court, including dismissal of this action.

[Id. at 2-3.] Plaintiff was directed to file a copy of his said Response in the court record for this case so that the undersigned could be assured that Plaintiff was providing the appropriate

discovery as ordered. Plaintiff was granted fourteen (14) days to serve his Response to Defendants' Request for Production and file a copy of record herein. [Id.]

By Order dated November 15, 2005 [Record No. 20], Judge Reeves granted Defendants' Motion to Amend Scheduling Order [Record No. 18], noting that Plaintiff had not responded to that motion. Accordingly, the Court extended the following pre-trial deadlines: expert witnesses to be identified on or before December 20, 2005; discovery be completed on or before January 20, 2006; and, dispositive motions shall be filed on or before January 21, 2006. [Record No. 20.]

On the last day on which Plaintiff's Response to Defendants' Request for Production was due, November 28, 2005, Plaintiff called the undersigned's office, speaking with a law clerk, and requested a five (5) day extension of his time to file his said Response. Finding good cause for Plaintiff's oral request, by Order of that date, Plaintiff's request for additional time, i.e., to and including Monday, December 5, 2005, was granted. [Record No. 22.]

No such Response was filed by Plaintiff and by Order dated December 14, 2005 [Record No. 23], Plaintiff was directed to show cause for his failure to comply with the undersigned's prior Order. Plaintiff was warned in that Order that failure to show adequate cause may result in the dismissal of this action. [Id. at 2.] Meanwhile, Defendants filed a Motion to Dismiss or, in the Alternative, to Continue Trial and Hold this matter in Abeyance. [Record No. 25.] On December 28, 2005, Plaintiff filed a Response to Defendants' Motion [Record No. 28], as well as a Response [Record No. 27] to the Show Cause Order.

In his Response to the Show Cause Order, Plaintiff states that he misunderstood the Court's November 14, 2005, Order, thinking that his only obligation was to provide Defendants with a written response to their document request, stating therein a time when the materials listed in Plaintiff's Response would be provided. Plaintiff further stated that he would:

> request that this honorable court Consider that thus far any and all responses made by the Plaintiff have been made In a timely manner and or otherwise have been clarified by this honorable court by Way of directions from the Honorable Magistrate Patterson as to clarification as To the Defendants responsibility to obtain evidence which may have been Considered obtainable by the Defendants through the Open Records Act.
>
> Given this understanding, the Plaintiff also understands that the rules Set out in previous orders, Of this Honorable Court may have been misunderstood And or ill advised and as such, the Plaintiff, requests that this Court direct the Plaintiff of the appropriate actions which should have been taken and do hereby Submit that all efforts will be taken in the hture to ensure that the directions of This court be understood and carried out in a manner which shall not hinder Any further these proceeding as this case nears Trial.

[Id. at 2-3.] Because of the explicit instructions given to Plaintiff by the undersigned in the November 14, 2005, telephone conference, as memorialized in the Order [Record No. 19], Plaintiff's plea of confusion and misunderstanding is not credible.

Furthermore, Plaintiff's said Response is only the latest in a series of attempts to delay legitimate discovery in this case. As Defendants state in detail in their Memorandum filed in support of their Motion to Dismiss/Motion to Continue Trial/Motion to Hold Matter in Abeyance [Record No. 25], Plaintiff has continually refused to cooperate with Defendants' efforts to conduct discovery in this case. The episodes of such non-cooperation include

5

Plaintiff's failure to appear for his discovery deposition noticed for May 2, 2005, which Defendants re-noticed for May 31, 2005.[1]

During his deposition, Plaintiff claimed to have audio tape recordings of conversations he had with the Mayor and Chief of Police of Defendant City of Prestonsburg. [Record No. 26, pp. 116, 119.] He also stated that he had videotapes of Defendant Clark and Mayor Fannin engaging in various illegal activities, as well as a videotape from the US Bank of events relevant to his arrest. [Id. at 104, 112, 113.] Plaintiff further testified that he had as many as twenty (20) copies of the various videotapes, including the one from the US Bank surveillance camera. [Id. at 173, 174, 177, 179-184.]

However, in his belated Response to Defendants' Request for Production, filed as an attachment to Plaintiff's Response to the Show Cause Order [Record No. 27], Plaintiff states that all but one of any videotapes and audiotapes "are unable to be aquired" [sic] or, in some instances, "have been lost." [Id.] According to Defendants, the one videotape Plaintiff did produce, from the US Bank, "is of such poor quality that it is useless." [Record No. , p. 11.]

As to the documents and photographs Defendants requested, Plaintiff's Response states that they "will be provided." [Record No. 27, Attachment.] According to Defendants, however, Plaintiff initially took the position that he did not have to produce any documents

---

[1] In compliance with the undersigned's November 14, 2005, Order [Record No. 19, p. 3, ¶ (4)], Defendants filed the original of that deposition on December 27, 2005. [Record No. 26.]

by Monday, December 5, 2005.[2]  Plaintiff later made an unfulfilled promise to provide the documents by December 9, 2005, although he ultimately did deliver some documents to the office of defense counsel, leaving them in the entry area, at about 8:00 p.m. on Monday, December 12, 2005. [Record No. 25, p. 4-5.] According to Defendants, Plaintiff failed to produce all documents and other material responsive to Defendants' Request for Production, including still photographs and audio and video tapes. [Id. at 5-11.] In Response to Defendants' said statements, Plaintiff does not deny these assertions, instead stating:

> ... the Magistrate instructed that a provision of resulting order would require that the Plaintiff Make specific response to all requests contained therein would require that the Plaintiff specifically state if said evidence could not be located or acquired, at this time.
>
> Given this provision, it seems as though the Defendants counsel would like to Continue to attempt to obtain evidence which has been responded to according to the Directions of this court as unobtainable. The Defendants counsel would also like to Suggest to this Honorable Court that, as such, the Plaintiff's case has been somehow Diminished in its capacity to be proven to be a viable and or provable Claim.
>
> . . .
>
> Either way, it is the assertion of the Plaintiff that the case against the city of Prestonsburg as well as Gerald Clark and John Dale, does not rely upon any one piece of Of evidence, but rather each and every piece of evidence which depicts with clarity the claims Made against them, even in the absence of evidence which was never substantially relied Upon in this Civil Action.

---

[2] This assertion, if correct, would be contrary to the explicit terms of the undersigned's November 14, 2005, Order, stating:  "The law applicable to a request for production was explained to Plaintiff, and **he was directed to, and agreed to provide all documents and any other materials requested by Defendants in their said Request for Production.**" [Record No. 19, p. 2, emphasis added.]

> It seems that given the entirety of the evidence including testimony and or documents from three Law enforcement agencies, as well as the Attorney Generals Ofiice, witnesses of the events and repeated documented lies by both officers as well as Witnesses to attempted manipulation of witnesses by the Mayor himself to just name **a** Few. That the Defendants Counsel would rather attempt any means necessary to mitigate Entirely the Defendants damages by having said case dismissed, Rather than entertain the The idea of having this case continue to Trial. **As** such, I **am** sure **Mr.** Scmitt is doing his Job.

[Record No. 28, p. 2, 3.] The undersigned concludes from the above Response that Plaintiff is stating that he has produced for Defendants all documents and tangible things in Plaintiff's possession, custody and control. Therefore, Plaintiff's statements made previously in his sworn discovery deposition that he had many copies of various tapes, still photographs and other evidence of Defendants' alleged wrong-doing would now appear to be untrue.

### III. ANALYSIS

Considering the totality of the circumstances summarized above, the question presented is what, if any, sanctions should be imposed upon Plaintiff for his clear violation of the undersigned's November 14, 2005, Order compelling discovery, as well as Plaintiff's clearly dilatory and misleading statements made in the course of discovery. Federal Rule of Civil Procedure 37(b)(2) authorizes a court to dismiss a case when a party has failed to obey an order regarding discovery. The United States Court of Appeals for the Sixth Circuit has directed the trial courts to consider four factors when contemplating dismissal of a case as a sanction for disobedience of a court order compelling discovery: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's failure to cooperate in discovery; (3)

whether the disobedient party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir.1997), cert. denied, 522 U.S. 868 (1997). Those four factors shall be applied to the circumstances presented in this case.

The first Harmon factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. [Id.] Plaintiff bears the burden of demonstrating that his failure to comply with his discovery obligations was due to inability, not willfulness or bad faith. See Southern Wabash Communications, Ltd. v. Union County Broad. Co., Inc., 69 Fed. Appx. 285, 290 (6th Cir.2003).

Plaintiff failed to explain his non-compliance with the undersigned's November 14, 2005, Order [Record No. 19] in his Response [Record No. 27] to the Show Cause Order. [Record No. 23.] In the November 10, 2005, telephone conference, the undersigned went to great lengths to explain to the pro se Plaintiff what he must do in order to comply properly with Defendants' Request for Production.[3] Plaintiff confirmed his understanding of those instructions, which were memorialized in the undersigned's Order from that conference. [Record No. 19.]

After obtaining an extension of his time, however, Plaintiff failed to file that

---

[3] As is standard practice in informal telephone conferences with the undersigned regarding a discovery dispute, a recording of the conference on a CD-R was made. The undersigned retains that CD in her personal file and will file same in the record herein if the presiding judge deems it to be appropriate.

9

Response. It was only after the undersigned's Show Cause Order [Record No. 23] was issued that Plaintiff, on December 28, 2005, filed his Response to Defendants' Request for Production. [Record No. 27, attachment.] The notarial certificate on that discovery Response, indicating service on Defendants' counsel on December 5, 2005, is suspicious in view of defense counsel's statements that he did not receive anything from Plaintiff until December 12, 2005, when Plaintiff apparently hand-delivered a few documents after business hours to defense counsel's office.

More importantly, Plaintiff's Response to the Show Cause Order does not provide credible reasons for his failure to comply with the Court's discovery order within the time granted. The only excuses offered are confusion and misunderstanding, which are not credible because of the explicit, detailed Order provided to Plaintiff, explaining his duties regarding his discovery response. Thus, Plaintiff has failed to sustain his burden of showing that he did not willfully and without legitimate reason fail to cooperate in discovery. Appraisal Management Co. III, LLC v. FNC, Inc., 2005 WL 3088561, *7 (N.D.Ohio)

The second Harmon factor is whether the adversary was prejudiced by the party's failure to participate in discovery. Clearly, Plaintiff's failure to comply timely with both Defendants' very proper discovery requests and the Court's Order compelling Plaintiff to provide that discovery has prejudiced Defendants. They have been required to seek extensions of time for completing discovery and other pre-trial matters because of Plaintiff's non-compliance. Additionally, Plaintiff's failure to comply with the Court's discovery Order

has now required Defendants to seek a continuance of the trial date if this case is not dismissed.

Thus, the Harmon factor of prejudice to the opposing party has been satisfied by Plaintiff's repeated failures to comply with his discovery obligations in a timely manner, which in turn has delayed the orderly progress of this case to trial or dispositive motions. Although pro se litigants are held to less stringent pleading standards than attorneys, dismissal of a case is appropriate when a pro se litigant has engaged in a clear pattern of illegitimate delay. Eglinton v. Loyer, 340 F.3d 331, 335 (6th Cir.2003); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir.1991)(Courts have refused to excuse pro se litigants who failed to follow basic procedural requirements such as meeting "readily comprehended" court filing deadlines).

The third Harmon factor is whether the party was warned that failure to cooperate could lead to dismissal. Plaintiff in this case has been so warned on two (2) separate occasions. The first such warning was given in both the body of and the Order portion of the undersigned's November 14, 2005, Discovery Order, stating: "Failure by Plaintiff to comply in good faith with this order may subject Plaintiff to possible sanctions by the Court, including dismissal of this action." [Record No. 19, pp. 3, 3-4.] Plaintiff was warned again in the December 14, 2005, Show Cause Order:

> Plaintiff is forewarned that failure to show cause for the disobedience of that court Order may result in the recommendation of a dismissal of this action. "Although federal courts afford pro se litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy

>does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case." Weaver v. Estes, 2005 WL 2388284, *1 (W.D.Ky.), citing Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) and Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). Where a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. Id.

[Record No. 23, p. 2.] Thus, the Harmon requirement of warning a party that dismissal is a possible consequence of non-compliance with a court order has **twice** been given to the Plaintiff in this case.

The fourth and final Harmon requirement is whether less drastic sanctions were considered before dismissal was ordered. Moses v. Sterling Commerce (Am.), Inc., 122 Fed. Appx. 177, 182 (6th Cir.2005) Those sanctions are listed in Rule 37(b)(2) as follows:

>(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
>(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
>(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
>(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
>(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are

>listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.
>
>In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

FRCP Rule 37(b)(2).

In regard to a pro se litigant who has "engaged in a clear pattern of delay," however, the Sixth Circuit has looked to the district courts' powers under Rule 41(b), which sanctions a sua sponte order of dismissal "for failure to prosecute or to comply with these rules or any order of court." Weaver v. Estes, 2005 WL 2388284, *1 (W.D.Ky.) Jourdan, 950 F.2d at 110. Thus, in that situation, the court is not required to consider the sanctions less serious than dismissal as itemized in Rule 37(b)(2). Instead, the court may dismiss a pro se action where the Plaintiff:

>failed to adhere to readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought their extension. The district court was generous in granting extensions which Jourdan failed to utilize.

Jourdan v. Jabe, 951 F.2d 110.

In this case, Plaintiff has failed to do anything to prosecute his claims since filing his complaint on November 24, 2004. [Record No. 1.] Plaintiff failed to comply with a court order compelling him to provide discovery to Defendants. Plaintiff failed to show cause for that failure. Plaintiff now asserts that discoverable material he claimed to have at the time

13

of his deposition has since disappeared.  As the Sixth Circuit has cautioned, "pro se plaintiffs are not automatically entitled to take every case to trial." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).  The pro se Plaintiff in this case should not be allowed to proceed further with this litigation.

## IV.   CONCLUSION

For these reasons, it is recommended that this Court dismiss this action with prejudice and order it stricken from the Court's docket.  If this recommendation is adopted, then Defendants' Motion to Dismiss/Motion to Continue Trial/Motion to Hold Matter in Abeyance [Record No. 25] will thereby be rendered moot and thus should be denied as such.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed January 24, 2006.



Signed By:
*Peggy E. Patterson*  PEP
United States Magistrate Judge

Date of Entry and Service: