UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

MICHAEL DIER                                          )
                                                      )
        Plaintiff,                                    )
                                                      )        Civil No. 04-418-GFVT
VS.                                                   )
                                                      )
                                                      )
CITY OF PRESTONSBURG, KENTUCKY,                       )
et al                                                 )        **OPINION & ORDER**
                                                      )
        Defendants.                                   )

***      ***      ***      ***

This action arises from several civil rights claims asserted by the *pro se* Plaintiff, Michael

Dier.  The Court currently has pending before it several matters relating to Mr. Dier's compliance

with pretrial filing requirements and discovery obligations.  The Defendant filed two motions to

dismiss [Record No. 25 & 36], a motion in limine [Record No. 37], and an objection to potential trial

exhibits and witnesses. [Record No. 38].  Also, the Magistrate Judge submitted a Report and

Recommendation to this Court regarding whether Mr. Dier's actions constituted a failure to

prosecute justifying dismissal with prejudice [Record No. 30].  For the reasons set forth below, this

Court has determined that Mr. Dier's procedural mis-steps do not warrant the "harsh sanction" of

dismissal at this juncture.  Rather, the Court will enter a revised scheduling order giving the parties

one final opportunity to complete discovery and then submit dispositive motions.

BACKGROUND

Mr. Dier claims that certain police officers for the City of Prestonsburg, Kentucky, violated

his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. [Record No. 1].

1

The Court referred discovery disputes and settlement conferences to United States Magistrate Judge

Peggy E. Patterson pursuant to 28 U.S.C. § 636(b)(1)(A). [Record No. 8].  The pretrial proceedings

have been routine and for the most part, Mr. Dier has been cooperative and an active litigant.  He

participated in the joint planning meeting and the parties tendered their required report. [Record No.

10].  He attended the scheduled, telephonic status conference with the Magistrate Judge. [Record No.

14].   Although the parties had to reschedule the date once, the Defendants deposed Mr. Dier.

[Record No. 21].  Mr. Dier also participated in settlement discussions with the Defendants. [Record

No.15].

The only dispute between the parties has been Mr. Dier's failure to respond adequately to

the Defendants' written discovery requests.  Mr. Dier did not feel he was obligated to provide the

requested information.  The Defendants filed a motion to compel [Record No. 16] which was heard

at a telephonic conference by the Magistrate Judge on November 10, 2005.  Both Mr. Dier and the

Defendants' counsel participated. [Record No. 19].  Ultimately, the Magistrate ordered Mr. Dier to

respond to the discovery requests by November 24, 2005, and to file a copy of his responses with

the Court so that it could monitor his compliance with the requests. [Id.].  Mr. Dier requested and

received a 5-day  extension, making his responses due on December 5, 2005. [Record No. 22].  It

appears that Mr. Dier hand-delivered his written responses to the Defendants either on December

5 or 6, and subsequently tendered additional discovery (a U.S. Bank videotape) to the Defendants

on December 12. [Record No. 25, Attachment 1].  Mr. Dier states that Defendants' counsel's office

agreed to these dates and times.  Rather than provide copies of the requested information,  Mr. Dier

indicated that such information would be provided at a specified date or that the information was no

longer available.  [Record No. 27, Attachment 1].  Mr. Dier failed to file a copy of those responses

with the Court as required by the Magistrate's Order.

On December 14, 2005, the Magistrate Judge entered an Order requiring the Plaintiff to "show cause as to why he has failed to comply with the Order of this court requiring him to file a timely response to Defendant's discovery requests" and why the action should not be dismissed for his repeated failures to comply with several court orders regarding his responses to those requests. [Record No. 23].  In light of the Order, the Defendants filed a Motion to Dismiss/Motion to Continue Trial/Motion to Hold Matter in Abeyance because of the Plaintiff's failure to comply with pretrial discovery[1]. [Record No. 25].  The Plaintiff filed his responses to both on December 28, 2005 [Record No. 27 & 28], and the matter was submitted to the Magistrate for a Report and Recommendation.

On January 24, 2006, the Magistrate Judge filed her Report and Recommendation. [Record No. 30].  Based on a review of the record and applicable law, the Magistrate Judge recommended that the Court dismiss this action with prejudice and strike the matter from the Court's active docket.[2]  In making the dismissal recommendation, the Magistrate Judge considered the *Harmon*[3] factors and concluded that the "Plaintiff has failed to do anything to prosecute his claims since filing his complaint on November 24, 2004. [Record No. 1.]  Plaintiff failed to comply with a court order compelling him to provide discovery to Defendants.  Plaintiff failed to show cause for that failure. Plaintiff now asserts that discoverable material he claimed to have at the time of his deposition has since disappeared." [Record No. 30].  The Plaintiff filed objections to the Magistrate Judge's Report

---

[1]The Defendants have renewed their Motion to Dismiss in light of the Plaintiff's failure to complete any of the required pretrial filings. [Record No. 36].

[2]The Magistrate also recommended that the Defendant's Motion to Dismiss/Motion to Continue Trial/Motion to Hold Matter in Abeyance [Record No. 25] be denied as moot given her recommendation of dismissal.

[3]*Harmon v. CSX Transp., Inc*., 110 F.3d 364 (6th Cir. 1997)

and Recommendation on February 7, 2006. [Record No. 31].

Finally, both parties were required, by this Court's Order, to provide opposing counsel and the Court with a witness list, an exhibit list, and a pretrial memorandum by February 7, 2006. [Record No. 8]. To date, the Plaintiff has not completed these required filings nor has he provided this information to opposing counsel. The Defendants have resorted to filing generalized motions in limine and objections to any *potential* witnesses or exhibits which may be presented by the Plaintiff [Record No. 37 & 38]. Most recently, the Defendants renewed their motion to dismiss based on the Plaintiff's lack of pretrial compliance. [Record No. 36]. The Plaintiff has yet to respond, but the time for filing has not yet run.

Having reviewed the record *de novo*, as required by 28 U.S.C. § 636(b)(1)(c) and in light of the Defendants' pending motions, the Court finds that although the Magistrate's point is well taken and the Defendants' concerns are not without some foundation, dismissal of the Plaintiff's claims with prejudice at this time is premature. That is not to say that the Plaintiff has been the epitome of procedural and pretrial compliance. His status as a *pro se* plaintiff, however, requires this Court to afford him more leniency in his pleadings than would be required if he were represented by counsel. *See Wolfel v. U.S.*, 711 F.2d 66, 67 (6th Cir. 1983). By the same token, the Sixth Circuit recognizes "there is no authority for the contention that *pro se* litigants are entitled to a more lenient application of *substantive* law." *Id*. In this case, Mr. Dier's *pro se* status is immaterial to the Court's ultimate conclusion: his procedural delinquencies have not been so egregious as to deny him the opportunity to present evidence in support of his claims.[4] Therefore, the Court has decided not to adopt the

---

[4]The Court does not concede that the Plaintiff necessarily will be successful on the merits. In fact, the merits of the Plaintiff's claims are not before this Court as the parties have never filed dispositive motions briefing the legal issues in the context of the facts of this case. Therefore, this Court is only ruling as to whether Mr. Dier has sufficiently prosecuted his case as to avoid dismissal at this time.

Report and Recommendation and to deny the Defendants' motions to dismiss.

ANALYSIS

To determine whether dismissal is appropriate, the Court must conduct an analysis of the Plaintiff's behavior in light of the four-factor test set out by the Sixth Circuit Court of Appeals in *Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997), *cert denied*, 522 U.S. 868 (1997): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's failure to cooperate in discovery; (3) whether the disobedient party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* at 366-367. To warrant dismissal, there must be a clear record of delay or "contumacious" conduct. *See id.* Upon an independent review of the record in light of these factors, this Court finds that Mr. Dier has pursued his claims sufficiently to avoid dismissal for failure to prosecute.

First, the Court does not find that Mr. Dier's failure to comply with court-ordered discovery was due to his willfulness, bad faith or fault. *See id.* at 366. Although the Court agrees that the responses lack substantive detail, the Plaintiff did comply with the Order in that he provided written responses outlining when the Plaintiff intended to supply the requested documents. Those written responses were hand-delivered to the Defendants. According to the Plaintiff, he did so in accordance with his "good faith understanding of those instructions." [Record No. 31]. He states that he thought he only had to respond "to defendants as to specific inquires as to evidence as well [a]s provide defendants with a time as to when the defendants would receive all evidence which shall be used to support the Plaintiffs' claim." [Record No. 27]. While the Court sympathizes with the Defendants' frustration in obtaining meaningful written discovery from a *pro se* plaintiff, that

frustration does not justify dismissal of the action in this case on the grounds suggested. The Defendants may believe that there is no substantive basis for the claims alleged because the Plaintiff refuses to produce the alleged factual evidence, however, that is a different motion than the one presented to this Court.

The Plaintiff did fail to file his discovery responses with the Court as required by the Magistrate's Order, but this delinquency alone is not sufficient to warrant dismissal. *See, e.g., Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 592 (6th Cir. 2001) (plaintiff's failure to file proper discovery requests does not demonstrate required intent to delay proceedings). Further, the Plaintiff claims he did mail the responses to the clerk of the court and that they were "possibly lost in the mail given the high volume of mailing which was in effect during the Holiday." [Record No. 31]. He claims to have only learned that his responses were not in the record when he received the show cause Order. [Id.]. In an effort to rectify the mistake, Mr. Dier tendered his written discovery responses as part of his response to that Order. [Id.]. This Court has no reason to believe the Plaintiff is not being truthful or acting in good faith in making these representations.

Second, the Plaintiff's lack of cooperation in the discovery process has prejudiced the Plaintiff more than the Defendants. *Mulbah*, 261 F.3d at 592. If Mr. Dier fails to provide any evidence or proof in support of his claims, then his allegations could not survive a motion for summary judgment or proceed to a successful trial on the merits.

The final two factors are whether Mr. Dier was warned that dismissal was a possibility and whether less drastic sanctions were considered before imposing dismissal. *See Harmon,* 110 F.3d at 367. The Plaintiff was warned in two separate orders that dismissal was a potential sanction, but the Magistrate did not consider less drastic sanctions prior to recommending dismissal. [Record No.

30].  While that factor alone is not dispositive if the "derelict party has engaged in bad faith or

contumacious conduct," that is not the case here.  *See Harmon*, 110 F.3d at 367-368.  The Plaintiff's

actions are distinguishable from cases finding contumacious conduct when the plaintiff was *pro se*.

For example, in *Weaver v. Estes*, No. 4:04 CV P144 M, 2005 WL 2388284, slip op. at *1 (W.D. Ky.

Sept. 26, 2005), the *pro se* plaintiff did nothing to pursue his claim other than file the complaint.

He failed to file responses to dispositive motions, failed to file pretrial memoranda, and failed to

notify the court of a new address.  *See id.* at *2.  Likewise in *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir.

1991), a *pro se* plaintiff's action properly was dismissed where he requested three extensions of time

to file discovery responses and failed to ever file them.  In this case, during the past twelve months,

Mr. Dier has filed responsive pleadings, participated in telephonic status conferences, and been

deposed.                  This Court acknowledges that "it is difficult to define the quantity or quality

of the misconduct which may justify dismissal with prejudice," *see Harmon*, 110 F.3d at 368-369,

and that Mr. Dier's conduct in this case raises serious concerns in favor of dismissal consistent with

the Magistrate Judge's recommendation.  This Court, however, is reluctant to dismiss the action

absent effective discovery and an opportunity to dispose of the case on its merits:

> [t]here are competing concerns which guide whether a court should dismiss an action
> for failure to prosecute.  On the one hand, there is the court's need to manage its
> docket, the public's interest in expeditious resolution of litigation, and the risk of
> prejudice to a defendant because the plaintiff has failed to actively pursue its claims.
> On the other hand is the policy which favors disposition of cases on their merits.  In
> recognizing these competing concerns, this [C]ircuit has stated that dismissal of an
> action is a harsh sanction which the court should order only in extreme situations.

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590-591 (6th Cir. 2001) *citing Little v. Yeutter*, 984

F.2d 160 (6th Cir. 1993).  Despite this reluctance, Mr. Dier should be mindful that this Court will not

forever tolerate a recalcitrance to cooperate in discovery and lack of compliance with the Court's

orders.  Absent effective discovery, this Court is open to consider a motion for summary judgment under Fed. R. Civ. P. 56, or other such motions from the Defendants.

Therefore, having conducted a *de novo* determination, the Court concludes that it will not adopt the Report and Recommendation of the Magistrate Judge.  In addition, the Court has considered the Defendants' motions to dismiss and the responses thereto, all other pending motions, and is otherwise sufficiently advised.  Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss the Complaint, or in the Alternative to Continue the Trial and Hold this Matter in Abeyance [Record. No. 25] is **DENIED**;

2. Defendants' Motion to Dismiss Complaint [Record No. 36] is **DENIED**;

3. Defendants' Motion in Limine [Record No. 37] is **DENIED** as moot;

4.  Defendants Objections to Plaintiff's Witnesses and Exhibits [Record No. 38] is **DENIED** as moot;

5.  The  current Scheduling Order [Record No. 8] is  revised as follow:

A.  All discovery must be completed by **April 7, 2006**;

B.  The parties are directed to file dispositive motions by **May 8, 2006**;

C.  The final pretrial conference currently scheduled for March 7, 2006, is rescheduled for **June 12, 2006**, at 3 p.m. at Pikeville and the jury trial set for March 21, 2006, is rescheduled for **July 11, 2006**,  at 1 p.m. at Pikeville.

This 6th day of March, 2006.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge